UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bernard Bagley, # 175851, | ) C/A No. 8:11-cv-152-TLW-JDA |
| Petitioner, | ) |
| v. | ) Report and Recommendation |
| Cecilia Reynolds, Warden Kershaw C.I., | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner was denied parole on September 9, 2010. He alleges that the denial was based on the Parole Board's improper process, including their giving more importance to the circumstances surrounding the twenty year-old crime for which Petitioner is currently incarcerated than to Petitioner's twenty years of rehabilitation, his lack of dangerousness, and his "victim's" and his family's desire to have him back with them. Liberally construed, Petitioner claims that this process violated his due process and equal protection rights under the United States Constitution.

In his Petition, as in his Answers to the Court's Special Interrogatories (ECF No. 12),

Petitioner acknowledges that he has not presented his allegations of improprieties in the parole-consideration process to the South Carolina Administrative Law Court (ALC) or to the South Carolina Court of Appeals. The case has not proceeded in the state courts because it appears that the Parole Board still has his case before them pending a rehearing. Petitioner submitted a copy of the letter from the Parole Board dated September 13, 2010, and a copy of a response from his prison caseworker dated February 9, 2011, which indicates that the rehearing was still pending at that time. There is no indication that Petitioner *personally* contacted the Parole Board between September 13, 2010 and the filing of this case on January 13, 2011, in an attempt to move his case forward.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007. When a federal court is

evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

Due process and equal protection claims, such as those raised by Petitioner, are typically raised in a civil rights action, not a habeas action. Nonetheless, Petitioner may file a habeas claim, as he has done here, pertaining to the procedures utilized at his parole hearing. Petitioner, however, has not exhausted his state court remedies, and this is fatal to this case. Since Petitioner argues that he has become parole ineligible due to the failure of the SCDPPPS to utilize the proper criteria during his parole hearing, Petitioner must first exhaust his state remedies before he seeks federal review. *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"); *see also Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Moore v. De Young*, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241).

Petitioner needs to contact the state Parole Board, either personally or through legal counsel, and obtain a final ruling on his pending motion for rehearing. Until the parole decision is finalized by the conclusion of the rehearing process, Petitioner cannot pursue

an appeal to the ALC, the next step in the exhaustion of his state remedies. Such an appeal would be brought pursuant to the Administrative Procedures Act, and complete exhaustion of state remedies would also include an appeal to the South Carolina Court of Appeals of any denial of relief by the ALC. *See* S.C. Code Ann. § 1-23-610.

In *Al-Shabazz v. S.C.*, 527 S.E. 2d 742 (S.C. 2000), the supreme court of South Carolina emphasized that "'[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property'", quoting *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 569, (1972)). That same year, the court specifically held that parole eligibility implicated a liberty interest. *Jernigan v. State*, 531 S.E.2d 507, 509 (S.C. 2000)(change from annual parole eligibility review to biannual review requires APA review). In *Sullivan v. S. C. Dep't of Corrs.,* 586 S.E.2d 124 (S.C. 2003), South Carolina's supreme court held that the only way the ALC can obtain subject matter jurisdiction over a claim is when it implicates a state created "liberty interest sufficient to trigger procedural due process guarantees." *Sullivan*, 586 S.E.2d at 127 (citing *Wolff v. McDonnell,* 418 U.S. 539, 557(1974)); *see also Furtick v. S. C. Dep't of Probation, Parole, & Pardon Servs.*, 576 S.E.2d 146 (S.C. 2003)(extending the holding in *Al-Shabazz*, ALC has jurisdiction to hear denial of parole eligibility); *see, e.g.*, *Cooper v. S.C. Dep't of Probation, Parole, & Pardon Servs.*, 661 S.E.2d 106 (S.C. 2008)(procedure employed by parole board deprived inmate of state-created liberty interest and triggered due process requirements, including entitlement to review by ALJ; "if a parole board deviates from or renders its decision without consideration of the appropriate criteria, we believe it essentially abrogates an inmate's right to parole eligibility and, thus, infringes on a state-created liberty interest"); *James v. S. C. Dep't of Probation, Parole, & Pardon*

*Servs.*, 376 S.C. 392, 656 S.E.2d 399, 400-403 & n. 3 (S.C. Ct. App. 2008)(review of parole eligibility goes through ALC; *Steele v. Benjamin*, 606 S.E.2d 499 (S.C. Ct. App. 2004)(ALC had jurisdiction to hear Steele's claim that the SCDPPPS violated the *ex post facto* clause when it denied him annual review of parole eligibility). Petitioner needs to fully exhaust his state-court remedies before coming back to this Court seeking § 2241 relief.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent.

Petitioner's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

March 7, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 E. Washington Street, Rm. 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).