IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Bernard Bagley, # 175851, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 8:11-cv-152-TLW-JDA |
| | ) | |
| Cecilia Reynolds, Warden Kershaw C.I., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

# ORDER

The petitioner, Bernard Bagley ("petitioner"), brought this civil action, pro se, pursuant to 28 U.S.C. § 2241 on January 20, 2011. (Doc. #1).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Jacquelyn D. Austin to whom this case had previously been assigned. (Doc. # 18). In the Report, the Magistrate Judge recommends that the District Court dismiss this petition for a writ of habeas corpus without prejudice and without issuance and service of process. (Doc. # 18). The petitioner filed objections to the report, various documents in support of his objections, and a motion to amend/correct his habeas petition. (Docs 21, 24, 25, 27). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny

1

> entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Magistrate Judge recommends dismissal because the petitioner has not exhausted his state court remedies. (Doc. # 18). In his objections to the Report, the petitioner includes a letter from the South Carolina Board of Probation, Parole and Pardon Services informing him that his request for a rehearing has been denied. (Doc. # 27). The petitioner also provides the Court with a copy of an order from the South Carolina Administrative Law Court informing him that his appeal from the Parole Board's decision has been dismissed because he did not timely file a notice of appeal. (Doc. # 24). Both of these documents are dated after the issuance date for the Report, and the petitioner asserts they demonstrate he has exhausted state court remedies. However, as the Magistrate Judge notes in the Report, exhaustion of state court remedies includes an appeal to the South Carolina Court of Appeals of a denial of relief by the Administrative Law Court. See S.C. Code Ann. § 1-23-610; see also Woodford v. Ngo, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). The petitioner has not demonstrated that he has pursued state court remedies beyond seeking review of the Parole Board's decision in the Administrative Law Court. Therefore, the petitioner's objection to the Magistrate Judge's determination that he has not exhausted state court remedies is overruled along with his other objections.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 18). Therefore, for the reasons articulated by the Magistrate Judge, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice and without issuance and service of process. Furthermore, the petitioner's motion to amend/correct his habeas petition (Doc. # 25) is **DENIED**.

**IT IS SO ORDERED**.

            s/Terry L. Wooten
           United States District Judge

May 12, 2011
Florence, South Carolina